## IN THES UNITED STATES DISRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LC Savannah Midtown, LLC d/b/a Crest at
Midtown Apts;
First Communities a/a/f Midtown;
Waterton Residential a/a/f Savannah Midtown;
　　　　　Plaintiffs,

vs.

Jerrilyn Bilal, and All Other Occupants
　　　　　Defendant.

**Civil Action Number:**

# 1:22-CV-3125

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION)**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**AUG 08 2022**

KEVIN P. WEIMER, Clerk
By: _PT_    Deputy Clerk

## NOTICE OF REMOVAL

### TO THE CLERK OF THE ABOVE ENTITLED COURT:

**PLEASE TAKE NOTICE** that the Defendant Jerrilyn Bilal, hereby removes to this

Court the State court action described below.

1. On or about 04/13/2022 defendant was served with summons and only received verbal

notification from of plaintiff's latest complaint which was filed on 07/08/2022. This Notice of

Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C § 1443(1) via newly

received papers and will be served upon all parties.

2. Pursuant to 28 U.S.C§1446(b), this notice has been timely filed. A copy of the Complaint

served upon the defendant in the State Court action are attached hereto and referred to collectively

as "Exhibit A."

3. Pursuant to 28 U.S.C§1446(b), the second paragraph, which provides that "[i]f the case

stated by the initial pleading is not removable, a notice of removal may be filed within thirty days

after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable.* See: <u>Pretka v. Kolter City Plaza II, Inc</u>., 608 F.3d 744 (11th Cir. 2010).

4. Even though defendant's case was not removed within the first 30 days after the first complaint has been filed pursuant to 28 U.S.C§1446(b). And even though the defendant's case surely meets the federal removal requirements pursuant to the second paragraph of 28 U.S.C§1446(b) as explained above.

5. Also pursuant to 28 U.S.C § 1443(1) Any of the following civil actions or criminal prosecutions, commenced in a State Court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

6. A copy of the documents (other paper) received by the defendant on July 15, 2022 from which it was first ascertained that the case is or has become removable is attached as "Exhibit A". A copy of the all process, pleading and orders served upon the defendant in the state court action are attached hereto and referred to collectively as "Exhibit A to C".

7. Finally, defendant has satisfied the procedural requirements for removal.

<u>**DEFENDANTS FACTS**</u>

- Defendant rented her apartment from the plaintiff's in June 2019.

- Defendant made monthly payments for $1,440.00 .

- Defendant fell behind on her payments and is now delinquent due to Covid and its effects on her income;

- Plaintiffs filed their first Magistrate Court of Fulton County eviction action on 04/13/2021 and Defendant filed bankruptcy in an attempt to work a repayment plan with Plaintiff. However Plaintiff voluntarily dismissed the case. 21ED181218

- Plaintiffs filed their second Magistrate Court of Fulton County eviction action on 03/31/2022 and dismissed it without prejudice on 08/01/2022.   22ED214500

- Plaintiffs filed their first eviction action in the State Court of Fulton County on 08/01/2022.   22DD000611

- O.C.G.A. 44-7-50 through 54 requires cash payments or bond without placing the same requirements on landlords.

- No State Court in Georgia can avoid O.C.G.A. 44-7-50 through 54 as redress to demand eviction of tenants with bond;

- Defendant cannot enforce her 14th Amendment Rights to possession using Georgia's eviction laws.

## REMOVAL UNDER VIOLATIONS OF THE EQUAL PROTECTION CLAUSE, 28 U.S.C § 1443, AND THE 14TH AMENDMENT

This removal deals with a federal and constitutional and long existing Georgia Statute that continues to discriminates against poor tenants in favor of rich ones, which also a majority of the time equates to discriminating against black tenants being the poorest racial class of the U.S. populous. This statute is long overdue to be declared unconstitutional as describe in the opinion of the U.S. Supreme Court case *Williams v. Shaffer*, 385 U.S. 1037 (1967). In that case the U.S. Supreme Court in an opinion with descent, stated that Ga.Code Ann. 61-301 through 303, now O.C.G.A. 44-7-50 through 54 violated the Equal Protection Clause. Also because the defendant cannot enforce her 14th Amendment Rights to the property right of possession and therefore cannot get around the unfair and unequal protection of O.C.G.A. 44-7-50 through 54, because it is the only known remedy and redress for tenants and landlords. See: *Georgia v. Rachel*, 384 U.S. 780 (1966). Stating under 28 U.S.C § 1443, subsection (1) of § 1443, which pertinently provides for removal where the action is "[a]gainst any person who is denied or cannot enforce" in the state courts "a right under any law providing for . . . equal civil rights,"

On its face O.C.G.A. 44-7-50 through 54 requires the placing of cash deposits or a bond in order to remain in possession of one's shelter without the landlord being required to place the same cash deposits or show that they have right to possession in order to proceed with an eviction - else a poor tenants will be

evicted instainer.  O.C.G.A. § 44-7-50 through 54 violates the Equal Protection Clause as it did in its

predecessor law Ga.Code Ann. 61-301 through 303.

In *Williams v. Shaffer*, 385 U.S. 1037 (1967) it is stated explicitly how Georgia summary eviction

laws discriminate:

> This case involves an important question regarding the right of a poor tenant to remain in possession of his shelter and defend against eviction in a court of law. It is part of the larger problem regarding the inability of indigent and deprived persons to voice their complaints through the existing institutional framework, and vividly demonstrates the disparity between the access of the affluent to the judicial machinery and that of the poor in violation of the Equal Protection Clause.

> The Georgia summary eviction statute provides that a landlord may oust a tenant in a very swift, expedient manner. The landlord files with a judge of the superior court or justice of the peace an affidavit that the tenant has held over or has failed to pay rent (Ga.Code Ann. 61-301 ( 1966)) (Now O.C.G.A. § 44-7-50); and the judge issues a dispossessory warrant ordering the sheriff to evict the tenant and his possessions. Ga.Code Ann. 61-302 (1966). The tenant may arrest the proceedings and prevent his summary eviction by filing a counter-affidavit denying the landlord's allegations (Ga.Code Ann . 61-303 (1966)) and thereby obtain a jury trial on the facts in issue. Ga.Code Ann. 61-304 (1966). But in order to remain in possession and obtain a trial (see Ga.Code Ann. 61-304 (1966)) the tenant must 'tender a bond with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case.'1 Ga.Code Ann. 61-303 (1966). If the tenant is not able to furnish the security bond, he is summarily evicted. The effect is that the indigent tenant is deprived of his shelter, and the life of his family is disrupted-all without a hearing-solely because of his poverty.

O.C.G.A. § 44-7-54 States in pertinent part:

a. In any case where the issue of the right of possession cannot be finally determined within two weeks from the date of service of the copy of the summons and the copy of the affidavit, the tenant shall be required to pay into the registry of the trial court:
   1. All rent and utility payments which are the responsibility of the tenant payable to the landlord under terms of the lease which become due after the issuance of the dispossessory warrant, said rent and utility payments to be paid as such become due. If the landlord and the tenant disagree as to the amount of rent, either or both of them may submit to the court any written rental contract for the purpose of establishing the amount of rent to be paid into the registry of the court. If the amount of rent is in controversy and no written rental agreement exists between the tenant and landlord, the court shall require the amount of rent to be a sum equal to the last previous rental payment made by the tenant and accepted by the landlord without written objection; and
   2. All rent and utility payments which are the responsibility of the tenant payable to the landlord under terms of the lease allegedly owed prior to the issuance of the dispossessory warrant; provided, however, that, in lieu of such payment, the tenant shall be allowed to submit to the court a receipt indicating that payment has been made to the landlord. In the event that the amount of rent is in controversy, the court shall determine the amount of rent to be paid into court in the same manner as provided in paragraph (1) of this subsection.

b.  If the tenant should fail to make any payment as it becomes due pursuant to paragraph (1) or (2) of subsection (a) of this Code section, the court shall issue a writ of possession and the landlord shall be placed in full possession of the premises by the sheriff, the deputy, or the constable.

c.  The court shall order the clerk of the court to pay to the landlord the payments claimed under the rental contracts paid into the registry of the court as said payments are made; provided, however, that, if the tenant claims that he or she is entitled to all or any part of the funds and such claim is an issue of controversy in the litigation, the court shall order the clerk to pay to the landlord without delay only that portion of the funds to which the tenant has made no claim in the proceedings or may make such other order as is appropriate under the circumstances. That part of the funds which is a matter of controversy in the litigation shall remain in the registry of the court until a determination of the issues by the trial court. If either party appeals the decision of the trial court, that part of the funds equal to any sums found by the trial court to be due from the landlord to the tenant shall remain in the registry of the court until a final determination of the issues. The court shall order the clerk to pay to the landlord without delay the remaining funds in court and all payments of future rent made into court pursuant to paragraph (1) of subsection (a) of this Code section unless the tenant can show good cause that some or all of such payments should remain in court pending a final determination of the issues.

## VIOLATION OF THE 14ᵀᴴ AMENDMENT VIA UNCONSTITUTIONAL STATUTES DEPRIVES THE STATE COURT OF JURISDICTION

Under 28 U.S.C.1443 (1). defendants are entitled to remove cases under this section only if they comply with the two-part test adopted by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788 (1966), which requires the defendants to demonstrate "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the [state] courts."

The defendant meets the second part test under *Georgia v. Rachel* supra seeing that the one exception to the second test is found in *Strauder-Rives doctrine* which "substitutes a right for a crime." 379 U.S. at 379 U. S. 314. This statement was reaffirmed in *Gibson v. Mississippi*, 162 U. S. 565. "The Court thereby gave some indication that removal might be justified, even in the absence of a --discriminatory state enactment-- found in U.S.C. 1443(1), if an equivalent basis could be shown for an Application configuration that is a equally firm prediction that the defendant would be "denied or cannot enforce" the specified federal rights in the State Court." This basis for prediction exists in the defendant's case. For example:

When the defendant cannot or does not pay rent pursuant to O.C.GA. 44-7954 which was ordered without the benefit of (1.) a hearing, and (2.) which was never prayed for by the Defendants and (3.) on a summons of process by "nail and mail". See: *Housing Auth, of Atlanta v. Hudson*, 250 Ga. at 111, 296 S.E.2d 558, the Supreme Court of Georgia held that "fundamental principles of due process prevent a trial court from having jurisdiction to resolve on the merits claims for past due rent in a dispossessory action."

## ATTACHED DOCUMENTS:

**Exhibit A**: a copy of the First Magistrate complaint served upon the Defendant in the state court action.

**Exhibit B**: a copy of the Second Magistrate complaint served upon the Defendant in the magistrate court action.

**Exhibit C**: a copy of the First State Court complaint served upon the Defendant in the magistrate court action.

This 8th day of August, 2022.

Respectfully submitted,

Jerrilyn Bilal
c/o 145 Windy Ridge Court
Fayetteville, Georgia
30214

## IN THES UNITED STATES DISRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LC Savannah Midtown, LLC d/b/a Crest at
Midtown Apts;
First Communities a/a/f Midtown;
Waterton Residential a/a/f Savannah Midtown;
          Plaintiffs,

          vs.

Jerrilyn Bilal, and All Other Occupants
          Defendant.

**Civil Action Number:**

# 1:22-CV-3125

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(b)
(FEDERAL QUESTION)**


## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served Plaintiff with a copy of the within Defendant's
NOTICE OF REMOVAL by depositing the same with the United States Postal Service, properly
addressed and with adequate postage thereon to:

1.) LC Savannah Midtown, LLC d/b/a Crest at Midtown Apts.;
   _215 North Avenue, NE
   Atlanta, Georgia
   30308

2.) First Communities a/a/f Midtown;
   P.O. Box 2109
   Woodstock, Georgia
   30188

3.) Waterton Residential a/a/f Savannah Midtown;
   215 North Avenue, NE
   Atlanta, Georgia
   30308

This 8th day of August, 2022.

Respectfully submitted,

Jerrilyn Bilal
c/o 145 Windy Ridge Court
Fayetteville, Georgia 30214

# EXHIBIT A

**EXIBIT "A"**

## STATE COURT OF FULTON COUNTY
### PROCEEDING AGAINST TENANT HOLDING OVER

**LC Savannah Midtown LLC d/b/a Crest at Midtown Apts**

215 North Avenue NE
Atlanta GA 30308  404-874-5252
Plaintiff's name address  phone No           VS

State Court of Fulton County
**FILED**

File & Serve Xpress

Case No **22DD000611**

**Jerrilyn Bilal and All Other Occupants**

215 North Avenue  Apt 4113
Atlanta  GA 30308
Defendant's name  address

Andrew P Bennett, Esq
P O Box 2459
Woodstock, GA 30188
Plaintiff's Atty Name, Address  GA Bar # 135493

1. Defendant is in possession as tenant of premises at the address in Fulton County as stated
2. Affiant is the ( ) Owner  ( XXXX ) Attorney,  ( ) Agent  ( ) Lessee of the owner of said premise
3. Tenant ( X ) Fails to pay rent which is now past due
   ( ) holds the premises over and beyond the term for which they were rented or leased to him
   ( ) other grounds _____
4. Plaintiff desires and has demanded possession of the premises
5. Defendant has failed and refused to deliver possession of the premises
   WHEREFORE, Plaintiff DEMANDS
   (a) possession of the premises
   (b) past due rent of $28,846.00  for the period beginning  Friday, July 01, 2022
   (c) rent accruing up to the date of judgment or vacancy at the rate of  $48.00  per day.
   (d) Other Court costs of  $76.00  late fees of $2,850.00  plus  2850 00 Late fee, 1335 18 Utilities.

**Balance Summary**

| | |
|---|---|
| Past Due Rent | $28,846 00 |
| Late Fee. | $2,850.00 |
| Utilities | $1,335 18 |
| Warrant Fee | $0.00 |
| Other Fees | $0 00 |
| **Bal Due:** | **$31,772.08** |

Plus Court Costs

AFFIANT ANDREW BENNETT

PHONE NO           SBN 135493

**SUMMONS**

SWORN TO AND SUBSCRIBED

NOTARY PUBLIC  GEORGIA  #2433

TO: THE CONSTABLE MARSHAL of the State Court of Fulton County or his lawful deputies and to

GREETINGS: The defendant(s) herein is/are commanded and required personally or by attorney to appear in Room ___, Central Avenue, S.W. Atlanta, Georgia, between the hours of 8:30 AM and 5:00 PM on or before the SEVENTH day from ___ of the within affidavit and summons (or on the first business day thereafter IF the seventh day fails on a Saturday, Sunday or legal holiday) to answer the affidavit in writing or orally in person.  If the answer is NOT made, a Writ of Possession shall issue instanter

WITNESS the Honorable Chief Judge of said Court.

The above affidavit was sworn to and subscribed before the undersigned Deputy clerk by affiant as provided by O.C.G.A. 44-7-50 and summons issued governed thereon.

This _____ 2022

_____ DEPUTY CLERK

### ENTRY OF SERVICE

I have served the foregoing Affidavit Summons on the Defendant(s) by delivering a copy of same ( ) Personally ( ) Notoriously leaving ____ ( ) By posting a copy to the door of the premises and depositing a copy in the U. S. Mail First Class in _____ containing notice to the Defendant(s) to answer at the date, hour and place in said summons.

July 25 2022

Sworn to before me on _____

July 22, 2022

Notary Public

~Frank Swindle
Process Server

### WRIT OF POSSESSION

You are hereby commanded to remove said Defendant(s) together with his property therein from said house and premises and to deliver full and quiet possession of same to Plaintiff herein.

This _____
PER ORDER DATED _____

_____ JUDGE

TENANT: ( ) VACATED ( ) EJECTED ( ) SETTLED W PLAINTIFF ( ) HELD UP ( ) LABOR
DATE: _____

_____ DEPUTY MARSHALL

# EXHIBIT B



901972

**MAGISTRATE COURT OF FULTON COUNTY, STATE OF GEORGIA**
PROCEEDING AGAINST TENANT HOLDING OVER

Waterton Residential a/a/f Savannah Midtown

215 NORTH AVENUE NE,
ATLANTA GA 30308
404-874-5252 DispoCourt@pdqservices.net
PLAINTIFF'S NAME/ADDRESS/PHONE/EMAIL

V.
JERRILYN BILAL and all others

215 NORTH AVENUE, APT. 4113
ATLANTA GA 30308
DEFENDANT'S NAME & ADDRESS

**Dispossessory Division**
185 Central Avenue, SW TG100
Atlanta, Georgia 30303
(404) 613-5360
www.magistratefulton.org

CASE # _____

Fulton County Magistrate Court
***E-FILED***<<Initials>>
Date: 4/13/2021 1:04 PM
Cathelene Robinson, Clerk
21ED181218

Alain  Didier            #221645
2970 Clairmont Rd., Suite 220, Park Central
Atlanta GA 30329
PLAINTIFF'S ATTORNEY NAME/ADDRESS/PHONE/EMAIL

1. Defendant is in possession as tenant of premises at the address in Fulton County as stated above.
2. Affiant is the  ☐ Owner     ☐ Attorney     ☑ Agent     ☐ Tenant of the owner of said premises.
3. Defendant  ☑ fails to pay the rent which is now past due.
   ☐ holds the premises over and beyond the term for which they rented to him.
   ☐ no longer has permission to remain in the premises.
   ☐ other grounds: _____
4. Plaintiff desires and has demanded possession of the premises.
5. Defendant has failed and refused to deliver possession of the premises.

**WHEREFORE, Plaintiff DEMANDS**
   (a) Possession of the premises.
   (b) Past due rent of $ 6786.16 for the month(s) December 2020
   (c) Rent accruing up to the date of judgement of vacancy at the rate of $ 1440.00 per Monthly
   (d) Other: 875.00- Late fees 303.09 - Utilities,125.00 other fees - $125 For Parking,

*By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct.*

/s/ Tiffany Lacey                    4/13/2021   404-874-5252  DispoCourt@pdqservices.net
PLAINTIFF(S) or AFFIANT              DATE        PHONE NUMBER / EMAIL ADDRESS

**SUMMONS**

TO: THE MARSHAL of the Magistrate Court of Fulton County or his lawful deputies:

GREETINGS: The tenant must file either an online (www.AnswerDispo.com), oral or written Answer at Room TG100, 185 Central Avenue, SW, Atlanta, Georgia, 30303 between 8:30AM and 5:00PM within seven (7) days from the date of the actual service unless the seventh day is a Saturday, a Sunday, or a Court holiday, in which case the Answer may be made on the next day which is not a Saturday, a Sunday, or a Court holiday. If the Answer is oral, the substance thereof shall be endorsed on the dispossessory affidavit, The Answer may contain any legal or equitable defense or counterclaim. If no valid legal or factual Answer is filed, a writ of possession may be issued pursuant to O.C.G.A, § 44-7-53. If no Answer is made, a writ of possession shall issue instanter. WITNESS the Honorable Chief Judge of said Court. The above affidavit was sworn to and subscribed before the undersigned Deputy Clerk by affiant as provided by O.C.G.A. § 44-7-50 and summons issues pursuant thereto.

4/13/2021 1:04 PM

This _____ day of _____, _____

_____
DEPUTY CLERK

**PRIVATE PROCESS SERVER AFFIDAVIT OF SERVICE**

I have served the foregoing Affidavit and Summons on the Defendant(s) by delivering a copy of same:
☐ PERSONALLY ☐ DEFENDANT NOT FOUND AT WITHIN ADDRESS ON SAID SUMMONS AND AFFIDAVIT
☐ NOTORIOUSLY (NAME) _____ Age _____ Wt. _____ Ht. _____
☐ TACK & MAIL. Posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed after attempting personal service. Said copy containing notice to the Defendant(s) to answer at the hour and place in said summons.

DATE OF SERVICE: _____     DEFENDANT TO ANSWER ON OR BEFORE: _____

_____          _____
PROFESSIONAL PROCESS SERVER                        NOTARY

**ANSWER**

To file your answer online visit www.AnswerDispo.com and enter your case number. All Answers must be electronically filed by 11:59PM on or before the last day to answer this summons. A service charge applies for online answers. No service charge applies to answers made written or orally at the courthouse.

# EXHIBIT C

1) Dispossessory Summons
2) Case Dismissal 22ED 214500
3) Case Dismissal 21ED 181218

937764

**MAGISTRATE COURT OF FULTON COUNTY, STATE OF GEORGIA**
PROCEEDING AGAINST TENANT HOLDING OVER

First Communities a/a/f Crest at Midtown

P.O. BOX 2109

WOODSTOCK GA 30188

404-874-5252 DispoCourt@pdqservices.net
PLAINTIFF'S NAME/ADDRESS/PHONE/EMAIL

V.

(JERRILYN BILAL) and all others

215 NORTH AVENUE NE, APT. 4113
ATLANTA GA 30308
DEFENDANT'S NAME & ADDRESS

**Dispossessory Division**
185 Central Avenue, SW TG100
Atlanta, Georgia 30303
(404) 613-5360
www.magistratefulton.org

CASE # _____

Fulton County Magistrate Court
***E-FILED***<<Initials>>
Date: 3/10/2022 6:07 PM
Cathelene Robinson, Clerk
22ED214500

***E-FILED***ZM
Date: 3/31/2022 10:30 AM
Cathelene Robinson, Clerk
22ED214500

Lureece D Lewis                    #520077
2970 Clairmont Road, Suite 220
Atlanta GA 30329

PLAINTIFF'S ATTORNEY NAME/ADDRESS/PHONE/EMAIL

1. Defendant is in possession as tenant of premises at the address in Fulton County as stated above.
2. Affiant is the ☐ Owner    ☐ Attorney    ☒ Agent    ☐ Tenant of the owner of said premises.
3. Defendant ☒ fails to pay the rent which is now past due.
   ☐ holds the premises over and beyond the term for which they rented to him.
   ☐ no longer has permission to remain in the premises.
   ☐ other grounds: _____
4. Plaintiff desires and has demanded possession of the premises.
5. Defendant has failed and refused to deliver possession of the premises.

**WHEREFORE, Plaintiff DEMANDS**
   (a) Possession of the premises.
   (b) Past due rent of $ 21600.00 for the month(s) March 2022
   (c) Rent accruing up to the date of judgement of vacancy at the rate of $ 1440.00 per Monthly
   (d) Other: 2250.00- Late fees 2487.51 - Utilities,

*By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct.*

/s/ Jlynn Levesque                      3/10/2022    404-874-5252  DispoCourt@pdqservices.net
PLAINTIFF(S) or AFFIANT                 DATE         PHONE NUMBER / EMAIL ADDRESS

## SUMMONS

TO: THE MARSHAL of the Magistrate Court of Fulton County or his lawful deputies:

GREETINGS: The tenant must file either an online (www.AnswerDispo.com), oral or written Answer at Room TG100, 185 Central Avenue, SW, Atlanta, Georgia, 30303 between 8:30AM and 5:00PM within seven (7) days from the date of the actual service unless the seventh day is a Saturday, a Sunday, or a Court holiday, in which case the Answer may be made on the next day which is not a Saturday, a Sunday, or a Court holiday. If the Answer is oral, the substance thereof shall be endorsed on the dispossessory affidavit, The Answer may contain any legal or equitable defense or counterclaim. If no valid legal or factual Answer is filed, a writ of possession may be issued pursuant to O.C.G.A, § 44-7-53. If no Answer is made, a writ of possession shall issue instanter. WITNESS the Honorable Chief Judge of said Court. The above affidavit was sworn to and subscribed before the undersigned Deputy Clerk by affiant as provided by O.C.G.A. § 44-7-50 and summons issues pursuant thereto.    3/10/2022 6:07 PM

This _____ day of _____, _____

_____
DEPUTY CLERK

12:54 pm

CHRIS O'BRIEN

### PRIVATE PROCESS SERVER AFFIDAVIT OF SERVICE

I have served the foregoing Affidavit and Summons on the Defendant(s) by delivering a copy of same:
☐ PERSONALLY ☐ DEFENDANT NOT FOUND AT WITHIN ADDRESS ON SAID SUMMONS AND AFFIDAVIT
☐ NOTORIOUSLY (NAME) _____ Age _____ 
☐ TACK & MAIL. Posting a copy to the door of the premises and depositing a copy to the U.S. Mail, First Class in an envelope properly addressed after attempting personal service. Said copy containing notice to the Defendant(s) to answer at the hour and place in said summons.

DATE OF SERVICE: _____    DEFENDANT TO ANSWER ON OR BEFORE: 3-28-2022

_____
PROFESSIONAL PROCESS SERVER

PAMELA WEBB
NOTARY PUBLIC
EXPIRES
GEORGIA
August 31, 2025
CHEROKEE COUNTY

_____
NOTARY        MAR 2 6 2022

### ANSWER

To file your answer online visit www.AnswerDispo.com and enter your case number. All Answers must be electronically filed by 11:59PM on or before the last day to answer this summons. A service charge applies for online answers. No service charge applies to answers made written or orally at the courthouse.

Fulton County Magistrate Court
***E-FILED***KR
Date: 8/1/2022 2:57 PM
Cathelene Robinson, Clerk
22ED214500

## IN THE MAGISTRATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

LC Savannah Midtown LLC d/b/a Crest at
Midtown Apts

vs.

Jerrilyn Bilal and All Other Occupants

Civil Case No:

## 22ED 214500

## DISMISSAL WITHOUT PREJUDICE

COMES NOW, the above named plaintiff and hereby dismisses the above styled action against the defendant(s) without prejudice.

Respectfully submitted,

This 1 day of August, 2022

Andrew P. Bennett
P.O. Box 2459
Woodstock, GA 30188
678-569-2900                    GA Bar # 135493

1094362-937764

Fulton County Magistrate Cour
***E-FILED***C.
Date: 3/8/2022 10:06 AM
Cathelene Robinson, Clerl
21ED181218

## IN THE MAGISTRATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

WATERTON RESIDENTIAL a/a/f   )
Savannah Midtown       )
   Plaintiff,       )
             )
v.            )  CIVIL ACTION FILE
             )  NO. 21ED181218
             )
JERRILYN BILAL,      )
AND ALL OTHER OCCUPANTS  )
             )
   Defendants.      )

## NOTICE OF VOLUNTARY DISMISSAL

**COMES NOW** Plaintiff in the above styled action, by and through the undersigned

counsel and files this notice of voluntary dismissal WITHOUT prejudice.

This 8th day of March, 2022.

         /s/ Christopher R. Yarbrough
         Christopher R. Yarbrough
         Attorney for Plaintiff
         Georgia Bar No. 339339

Fowler, Hein, Cheatwood & Williams, PA
2970 Clairmont Road, Suite 220
Atlanta, GA  30329
404-633-5114